RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 8 / 13
BDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| BARRY AND DEBRA NAVIAUX | DOCKET NO.: 13-2291   d |
|---|---|
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| UNITECH TRAINING ACADEMY | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to remand, (Doc. 17) referred to the undersigned by the district judge for report and recommendation.

Background Information

On or about August 9, 2011, Barry Naviaux ("Naviaux") and his wife, Debra Naviaux ("Debra") filed a petition for damages pursuant to Louisiana Civil Code art. 2315 in the Ninth Judicial District Court, Rapides Parish, State of Louisiana ("9th JDC") against his former employer, Unitech Training Academy, Inc. ("Unitech").

Naviaux alleged Unitech led him to believe he was enrolled in the company's BlueCross BlueShield group health insurance plan ("the plan"). He further alleged Unitech either neglected to enroll him in the plan or enrolled him and then, un-enrolled him without providing proper notice. Because he reasonably believed he was insured under the plan, Naviaux allowed his COBRA health insurance[1] through his former employer, Pinecrest, to lapse. It was only after suffering a heart attack

---

[1] COBRA is an acronym commonly used to refer to the Consolidated Omnibus Budget Reconciliation Act of 1985. Under COBRA, employers with group health insurance plans are required to offer employees temporary continuation of coverage under their

in May 2011 that he learned he was not covered under the policy and was solely responsible for all charges related to the medical care he received in connection with the heart attack. Naviaux sought general and specific monetary damages, interest and costs.

On September 1, 2011, Unitech removed the lawsuit to this court (Civil Action No.: 1:11-cv-1599) on the basis that Naviaux's claims were to enforce his rights under the terms of the Plan. Thus, Naviaux's claim was governed by ERISA and any state law claims were preempted. Naviaux then filed a motion to remand (Doc. 9). The district judge adopted my Report and Recommendation to deny the motion to remand because plaintiff, who was claiming that defendant "disenrolled" him and sought benefits under the Plan, was a participant and his claims were "related to" the Plan. (Doc. 19).

Thereafter, the court considered a motion to dismiss for failure to state a claim, or alternatively, for summary judgment, filed by Unitech which asserted failure to exhaust administrative remedies. In an opposition brief, plaintiff admitted that "[i]t is undisputed that Barry Naviaux was never enrolled in the Plan." The court determined it was without jurisdiction to hear the claim as it did not fall within the scope of ERISA. The case was remanded to the 9th JDC on May 25, 2012 (Doc. 31).

On June 18, 2012, in state court, Unitech filed a third party demand against Louisiana Health Service and Indemnity Co. d/b/a BlueCross BlueShield of Louisiana ("BlueCross") and Employer Support Services, Inc. ("ESS"). Unitech asserted that unbeknownst to it, ESS and BlueCross each provided letters to Naviaux regarding coverage despite the fact they should have known he was not

---

```
plan when coverage will cease due to a change in employment
status such as termination or layoff.
```

eligible for coverage unless and until he remained employed through April 1, 2011. Unitech also asserted ESS and BlueCross breached their obligations to maintain, manage, oversee and/or administer the plan. Unitech sought indemnity and contribution from ESS based upon the contract the two entered into for ESS to act as a third party administrator of the plan. It also sought indemnity from BlueCross based upon "any contract found to provide for same...and/or provided by applicable laws pertaining to the same, and/or provided by principles of equity, etc." (Doc. 1-2, p.21-22). I found that Unitech was neither a participant or beneficiary of the Plan and, therefore, it could not bring a claim to recover benefits pursuant to ERISA. Without an ERISA claim, there was no basis for jurisdiction and the matter was remanded.

Thereafter, plaintiff filed an amending petition in the state court suit (doc # 1-7, pp. 157-161) in which he named, for the first time, Blue Cross Blue Shield (BCBS) as a defendant, along with the third party administrator of the Plan, ESS. In his amending petition, plaintiff again seeks "medical expenses", and claims that defendants, including BCBS, "discontinued the process of his enrollment" in the Plan to his detriment. He also claims that BCBS misled him and failed to properly enroll him in the Plan.

## Law and Analysis

On July 17, 2013, BlueCross filed a notice of removal based upon Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), asserting that the claims are completely preempted by ERISA. See Pilot Life Ins. Co. V. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987)." (Doc. 1, p. 3).

Naviaux filed a motion to remand (doc. #17) essentially arguing that this court has already decided the issues presented. However what has changed is that plaintiff, by his amending petition, is once again claiming benefits under an ERISA Plan. As I stated in my first Report and

Recommendation in 11-1599, when only Unitech was a defendant, and before plaintiff in brief[2] conceded any interest in seeking benefits under the Plan,

> " here plaintiffs expressly claim that Mr. Naviaux might have been covered by the Plan and expressly ask for medical benefits. More specifically, under §502, the petition seeks to clarify rights under the Plan and, if indeed Naviaux was ever enrolled, seeks benefits under the plan. Therefore, complete preemption occurs and this court has federal question jurisdiction."

In other words, plaintiffs' claims against BCBS, "relate to" an ERISA Plan. See Pilot Life Ins. Co. V. Dedeaux, 481 U.S. 41 (1987).

Plaintiff also suggests that BCBS did not remove the case within 30 days of receiving a copy of the amending complaint, citing Reece v. Wal-Mart Stores, Inc., 98 F.3d 839 (5th Cir. 1996). However, Reece was overturned by the Supreme Court in Murphy Bros., Inc. V. Michette Pipe Stringing, Inc., 119 S. Ct. 1322 (1999) which held that the 30 day period for removal begins not when a copy of the complaint is informally received, but rather when formal service of it occurs. Here, the document prompting removal was the plaintiffs' amending complaint, which required formal service. Barrios v. Barrios, 694 So.2d 290, (La. App 1 C. 1996), writ den. 672 So.2d 691. Until the state court judge signed an order allowing the amending complaint to be filed and the amending complaint was actually served, the 30 day time limit did not start to run. The removal in this case was timely.

Plaintiff also argues that the removal was improper because all of the defendants did not consent to it as required by 28 U.S.C. §1446 (2)(A). As defendants correctly point out, however, consent is not required where the claim on which the removal is based is a "separate and

---

[2] See discussion in Report and Recommendation, 11-1599, doc. #30.

independent" claim. See <u>Moreno Energy, Inc. V. Marathon Oil Co.</u>, S. D. Tex. 2012, 2012 WL 3205618. The claims against the original defendant, Unitech, and the added defendant, ESS, are negligence claims; the claims against BCBS, as discussed above, are ERISA claims. The ERISA claims against BCBS are separate and independent of those claims against Unitech and ESS; therefore, their consent was not required for the removal.

<u>Conclusion</u>

**IT IS RECOMMENDED** that the motion to remand (Doc. 17) be **DENIED.** It is also **RECOMMENDED** that this court retain supplemental jurisdiction over the state law claims asserted against all defendants/third party defendants.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 7th day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE