UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **BARRY AND DEBRA NAVIAUX** | **DOCKET NO.: 13-2291** |
| **VERSUS** | **DISTRICT JUDGE DEE D. DRELL** |
| **UNITECH TRAINING ACADEMY** | **MAGISTRATE JUDGE JAMES D. KIRK** |

REPORT AND RECOMMENDATION

Before the court is a motion by plaintiffs to voluntarily dismiss Blue Cross/Blue Shield and to remand, (Doc. 31) referred to the undersigned by the district judge for report and recommendation. This case has bounced back and forth between state and federal court and has been considered by two district judges in this court.

Background Information

On or about August 9, 2011, Barry Naviaux ("Naviaux") and his wife, Debra Naviaux ("Debra") filed a petition for damages pursuant to Louisiana Civil Code art. 2315 in the Ninth Judicial District Court, Rapides Parish, State of Louisiana ("9th JDC") against his former employer, Unitech Training Academy, Inc. ("Unitech").

Naviaux alleged Unitech led him to believe he was enrolled in the company's BlueCross BlueShield group health insurance plan ("the plan"). He further alleged Unitech either neglected to enroll him in the plan or enrolled him and then, un-enrolled him without providing proper notice. Because he reasonably believed he was insured under the plan, Naviaux allowed his COBRA health

insurance[1] through his former employer, Pinecrest, to lapse. It was only after suffering a heart attack in May 2011 that he learned he was not covered under the policy and was solely responsible for all charges related to the medical care he received in connection with the heart attack. Naviaux sought general and specific monetary damages, interest and costs.

On September 1, 2011, Unitech removed the lawsuit to this court (Civil Action No.: 1:11-cv-1599) on the basis that Naviaux's claims were to enforce his rights under the terms of the Plan. Thus, Naviaux's claim was governed by ERISA and any state law claims were preempted. Naviaux then filed a motion to remand (Doc. 9). The district judge adopted my Report and Recommendation to deny the motion to remand because plaintiff, who was claiming that defendant "disenrolled" him and sought benefits under the Plan, was a participant and his claims were "related to" the Plan. (Doc. 19).

Thereafter, the court considered a motion to dismiss for failure to state a claim, or alternatively, for summary judgment, filed by Unitech which asserted failure to exhaust administrative remedies. In an opposition brief, plaintiff admitted that "[i]t is undisputed that Barry Naviaux was never enrolled in the Plan." The court determined it was without jurisdiction to hear the claim as it did not fall within the scope of ERISA. The case was remanded to the 9th JDC on May 25, 2012 (Doc. 31).

On June 18, 2012, in state court, Unitech filed a third party demand against Louisiana Health Service and Indemnity Co. d/b/a BlueCross BlueShield of Louisiana ("BlueCross") and Employer

---

[1]  COBRA is an acronym commonly used to refer to the Consolidated Omnibus Budget Reconciliation Act of 1985. Under COBRA, employers with group health insurance plans are required to offer employees temporary continuation of coverage under their plan when coverage will cease due to a change in employment status such as termination or layoff.

Support Services, Inc. ("ESS"). Unitech asserted that unbeknownst to it, ESS and BlueCross each provided letters to Naviaux regarding coverage despite the fact they should have known he was not eligible for coverage unless and until he remained employed through April 1, 2011. Unitech also asserted ESS and BlueCross breached their obligations to maintain, manage, oversee and/or administer the plan. Unitech sought indemnity and contribution from ESS based upon the contract the two entered into for ESS to act as a third party administrator of the plan. It also sought indemnity from BlueCross based upon "any contract found to provide for same...and/or provided by applicable laws pertaining to the same, and/or provided by principles of equity, etc." BCBS removed the case. I found that Unitech was neither a participant or beneficiary of the Plan and, therefore, it could not bring a claim to recover benefits pursuant to ERISA. Without an ERISA claim, there was no basis for jurisdiction. The district judge concurred and the matter was remanded.

Thereafter, plaintiff filed an amending petition in the state court suit in which he named, for the first time, Blue Cross Blue Shield (BCBS) as a defendant, along with the third party administrator of the Plan, ESS. In his amending petition, plaintiff again sought "medical expenses", and claimed that defendants, including BCBS, "discontinued the process of his enrollment" in the Plan to his detriment. He also claimed that BCBS misled him and failed to properly enroll him in the Plan. BlueCross filed a notice of removal based upon Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), asserting that the claims are completely preempted by ERISA and this court denied remand based on the ERISA claims stated against BCBS in the amending petition in state court on November 25, 2013, doc's. # 26, 29.

Not to be out-maneuvered in this clash of wills, plaintiffs, through counsel, have now filed a motion to dismiss BCBS, which it had added by amending petition in state court, and to then

remand the case to state court. So plaintiffs have first made ERISA claims causing the case to be removed, then conceded in brief any ERISA claims which caused remand of the case, then expressly added BCBS as a primary defendant making ERISA claims against it, and now, in the instant motion, seeks to again disavow any attempt to state an ERISA claim against BCBS.

There must be some finality to the jurisdictional issue for the parties, this court and for the state court. Plaintiffs suggest again that they are not attempting to assert ERISA claims; yet whether an ERISA claim is stated or not is a matter of law based on the facts alleged, not a matter of what the attorney drafting the petition intended.[2] They also suggest that they are trying to narrow the issues by eliminating parties. However, BCBS is a party by way of a third party demand filed by Unitech and will remain a party even if plaintiffs' claims against it are allowed to be voluntarily dismissed. In an effort to finally get to the substance of this case, BCBS has pending in this court before the district judge a motion for summary judgment, doc. #42.

This court has discretion whether to allow the voluntary dismissal of a party. Furthermore, even where dismissal of the only federal claim is allowed, the court has discretion to retain jurisdiction of the case, especially where judicial resources have been expended, where the federal element was dismissed in order to defeat jurisdiction or where retention of the case would promote

---

[2] As I stated in my first Report and Recommendation in 11-1599, and as I reiterated in my Report and Recommendation in this case, doc. #26, when only Unitech was a defendant, and before plaintiff in brief conceded any interest in seeking benefits under the Plan,
> " here plaintiffs expressly claim that Mr. Naviaux might have been covered by the Plan and expressly ask for medical benefits. More specifically, under §502, the petition seeks to clarify rights under the Plan and, if indeed Naviaux was ever enrolled, seeks benefits under the plan. Therefore, complete preemption occurs and this court has federal question jurisdiction."

In other words, plaintiffs' claims against BCBS, "relate to" an ERISA Plan. See Pilot Life Ins. Co. V. Dedeaux, 481 U.S. 41 (1987).

judicial efficiency. Or, I will add where, as here, there needs to be an end to repeated remands and removals in an effort to get to the merits of the controversy. Plaintiff's elimination of the federal question will not divest this Court of jurisdiction. In re Carter, 618 F.2d 1093, 1101 (5th Cir.1980). Where a cause of action is properly removed on the basis of federal question, Plaintiff cannot unilaterally act to divest a court of jurisdiction by deleting the federal element.

## Conclusion

**IT IS RECOMMENDED** that the motion to dismiss (doc. 31 ) be **GRANTED** and that all claims by plaintiffs against BCBS be **DISMISSED WITH PREJUDICE** and that the motion to remand (Doc. 31) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN**

**ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 9th day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE